# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH LONDON,**

      **Plaintiff,**

      v.                                                                 **Case No. 18-CV-1028**

**STATE OF WISCONSIN,** *et al.*,

      **Defendants.**

## ORDER

Plaintiff Keith London, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his constitutional rights have been violated. A little more than a month later, he filed an amended complaint (ECF No. 9) which he was allowed to do once without the court's permission. Fed. R. Civ. P. 15. He also filed two motions for leave to proceed without prepaying the filing fee and a motion to consolidate this complaint with his complaint in Case No. 18-cv-889 to "annex" newly named defendants. (ECF Nos. 4, 10, 17.)

This case was originally assigned to this court. However, when London refused to consent to the jurisdiction of a U.S. Magistrate Judge, the case was randomly reassigned to District Judge Pamela Pepper. (ECF No. 16.) On November 16, 2018, Judge Pepper

referred the case to this court to handle all pretrial proceedings. (ECF No. 24.) This order resolves London's motions and screens his amended complaint.

1. **Motions for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act applies to this case because London was incarcerated when he filed his complaint. That law gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On August 21, 2018, the court ordered London to pay an initial partial filing fee of $1.01. London paid that fee on September 10, 2018. Accordingly, the court will grant London's motions to proceed without prepaying the filing fee. (As a reminder to London, he does not need to file multiple motions seeking the same relief.) London must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. **Federal Screening Standard**

The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989). The court may, therefore, dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "**short and plain statement** of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2) (emphasis added). **A plaintiff does not need to plead every fact supporting his claims**; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To proceed under 42 U.S.C. § 1983 a plaintiff must allege facts sufficient to support the inference that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3. **Screening London's Amended Complaint**

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "*short and plain*" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). A plaintiff cannot require the court "to guess what claims [he] intends to assert against which defendants." *Dunigan v. St. Clair Cnty. Jail Med. Staff*, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore

4

have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

London's amended complaint consists of more than forty typed, single-spaced pages against more than thirty defendants. (ECF No. 9.) He then seeks by motion to add more than twenty additional defendants. (ECF No. 17.) As the Court of Appeals for the Seventh Circuit indicated in *Kadamovas,* if London has included any factual allegations that have merit, they are buried in pages and pages of unsupported legal conclusions, irrelevant case citations, and excessive and unnecessary detail. London uses "legalese" and strings of adjectives, which, in addition to unnecessarily lengthening his amended complaint, make it overly complicated and confusing to the point that the court cannot fully understand what it is he is complaining about or what relief he is seeking.

Further, the amended complaint is not only long and wordy, but (as best the court can tell) it contains allegations of different kinds of injuries allegedly committed by different groups of defendants over the span of many years. He appears to allege that some defendants prevented him from practicing his religion, others subjected him to unconstitutional conditions of confinement, and still others were deliberately indifferent to his serious medical needs. He sues federal district court and state circuit court judges, public defenders, state prosecutors, prison staff, county employees, including the former sheriff, and even the entire State of Wisconsin.

5

Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to "put in one complaint every claim of any kind against a single defendant," but a plaintiff may "present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.' Rule 20(a)(2)(A)." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Further, Federal Rule of Civil Procedure 20(a)(2)(B) states that persons may be joined in a case as defendants only if there are questions of law or fact common to "all" defendants. In other words, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Id.* (citing *George v. Smith*, 507 F.3d 605 (7th Cir. 2007)).

London has done what the Seventh Circuit Court of Appeals and Rules 18 and 20 of the Federal Rules of Civil Procedure state he cannot do. He tries to state claims against a lengthy list of defendants, which arise out of different circumstances and events that occurred at different locations over a long period of time. The mere fact that he came into contact with all of these defendants during his incarceration or as a result of his physical disabilities or religious beliefs is not a sufficient basis for the court to conclude that his claims are related or that there are questions of law and fact common to all of the defendants.

Before this case goes any further, the court will require that London file a second amended complaint that complies with Federal Rules of Civil Procedure 8, 18 and 20. The

6

second amended complaint must provide a "simple, concise, and direct" statement of his claims. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). The second amended complaint should "avoid a rambling, incoherent complaint." *Ford v. Flannery*, No. 2-07-CV-267, 2008 WL 821686, *2 (N.D. Ind. March 26, 2008). London does not need to include every detail giving rise to his claim(s); he should provide only enough facts to enable the court to reasonably infer that the defendants did what he alleges they did. London must be careful to choose from among his many claims only those claims that are related to one another and that arise out of the same underlying circumstances or events. To the extent he would like to pursue unrelated claims, he must do so in separate complaints.

As London considers which claims to include in his second amended complaint, he should remember that public officials do not have a free-floating obligation to fix every problem an inmate complains about. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* Accordingly, London should name as defendants only those individuals who were personally involved in or responsible for the alleged constitutional violations. Employers are not liable for the misconduct of their employees, supervisors are not liable for the misconduct of their subordinates, and employees are not liable for the misconduct of their co-workers.

The court is enclosing with this order a guide for *pro se* prisoners that explains how to file a complaint that the court can effectively screen. The court will also include a blank

prisoner complaint form. **The court will require London to use that form to file his second amended complaint.** *See* Civil L. R. 9 (E.D. Wis.). If, after crafting his allegations in clear, concise, "who, what, when, where, why" language, London believes he needs more space than is provided in the form, **he may attach a maximum of five typed, double-spaced pages**. If London believes he needs more space, he must first explain to the court why be believes he needs more space.

Finally, the court notes that London is an experienced litigant. He has filed a dozen cases in the Eastern District of Wisconsin, nine of which are closed. In at least three of those cases (Nos. 14-cv-125, 15-cv-429, 15-cv-532), the court found that London's sprawling and confusing complaints against numerous unrelated defendants violated Rules 8, 18, and 20 of the Federal Rules of Civil Procedure. London was therefore well aware of his obligations under those rules when he filed his amended complaint. Accordingly, the court concludes that London's intent in filing this lawsuit was simply to harass the defendants and/or the court. The court warns London that, if he files a second amended complaint that does not comply with this order, the court will recommend to Judge Pepper that she dismiss this case on the grounds that it is malicious and that she assess London a strike under 28 U.S.C. § 1915(g). If London no longer wishes to pursue this case, he may voluntarily dismiss it. If he voluntarily dismisses the case, he will not be assessed a strike.

### 4. Miscellaneous Motions

London filed a motion seeking to consolidate his complaint in this case with his complaint in Case No. 18-cv-889 (ECF No. 17), which Judge Pepper also referred to this court for the handling of pretrial matters. London appears to want to add more than twenty defendants, captioned in his motion to both of his complaints. The court will deny his motion.

Because London's amended complaint violates Rules 8, 18 and 20, the court is requiring him to file a second amended complaint. When he files his second amended complaint, he may decide whether he wants to include these defendants. The court cautions London to closely review the instructions in this order when he decides which defendants and which claims to include in his second amended complaint.

Also, the court has observed that London often includes a date and time in his filings, as notice of when he would like a hearing to be scheduled for argument on his motion. He also has submitted several "writs," which the court assumes he wants the court to enter so that the institution where he is incarcerated will transport him to the court for the noticed hearings.

The court alone determines whether a hearing on a motion is required. If the court believes a hearing is required, it will arrange for the parties to participate by telephone. London is not authorized to schedule hearings in front of the court, nor is he authorized to order his own release from prison.

Finally, the court has noticed several references in London's many filings to writs of habeas corpus arising under § 2254. If London wants to file a habeas petition, he must do so separately; he cannot pursue both a § 2254 petition and a section § 1983 claim in the same case. The court will include a habeas form along with this order for London's convenience.

**5. Conclusion**

The court **GRANTS** London's motions for leave to proceed without prepayment of the filing fee (ECF Nos. 4, 10).

The court **DENIES** London's motion to consolidate in order to annex newly named defendants (ECF No. 17).

The court **ORDERS** that, on or before **December 21, 2018**, London must file a second amended complaint that complies with the instructions in this order. If London fails to file a second amended complaint, or if his second amended complaint does not comply with the instructions in this order, the court will recommend to Judge Pepper that she dismiss this case on the ground that it is malicious and that she assess London a strike. If London no longer wishes to pursue this case, he may voluntarily dismiss it. If he voluntarily dismisses this case, he will not be assessed a strike.

The court **ORDERS** that the agency having custody of London shall collect from his institution trust account the $348.99 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding

month's income credited to his trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If London transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with London's remaining balance, to the receiving institution. The court will send a copy of this order to the officer in charge of the agency where London is confined.

The court **ORDERS** that, pursuant to the Prisoner E-Filing Program, London must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If London is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises London that, if he fails to make a timely submission, the court may dismiss this case based on his failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will also mail London a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions," a blank prisoner complaint form, and a blank petition for writ of habeas corpus under 28 U.S.C. § 2254 form.

Dated at Milwaukee, Wisconsin this 21st day of November, 2018.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge